1

2   LINGEL H. WINTERS, ESQ. (SBN 37759)
    LAW OFFICES OF LINGEL H. WINTERS
3   A PROFESSIONAL CORPORATION
    One Maritime Plaza, Suite 400
    San Francisco, CA  94111
4   Telephone:    (415) 398-2941
    Facsimile:    (415) 393-9887
5
    GIRARDI & KEESE
6   THOMAS V. GIRARDI (SBN 36603)
    1126 Wilshire Blvd.
7   Los Angeles, CA  90017-1904
    Telephone (213) 977-0211
8
    Attorneys for Plaintiff and the Putative Class
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12

13                                          | MDL No. M:07-cv-01827 SI
    IN RE TFT-LCD (FLAT
14  PANEL)ANTITRUST LITIGATION              | Case No. C-07-cv-2796 SI

15  _____  CLASS ACTION

16  *EMW, Inc. v. LG Philips LCD CO., LTD et al.*  MOTION FOR ORDER SHORTENING
    Case No. C-07-2796 SI                        TIME
17
    THIS DOCUMENT RELATES TO           Date: July 10, 2007
18                                      Time: 10:00 a.m.
    ALL INDIRECT PURCHASER ACTIONS
19                                      Hon. Susan Illston
                                        Courtroom: 10
20

21

22

23      Pursuant to Civil Local Rule 6-3, plaintiff and moving party EMW, Inc. moves the Court for an

24  order shortening time to hear plaintiff's Motion To Appoint Interim Class Counsel For the

25  California Indirect Purchasers Subgroup.

26      On June 4, 2007, plaintiff EMW, Inc. filed its Reply Memorandum Indirect Purchaser

27  Leadership Proposal of Lingel H. Winters P.C. in the belief that the hearing on various class

28

                                        1
                        MOTION FOR ORDER SHORTING TIME

motions was firmly set for June 8, 2007 and that there was no further time in which to take

action. On June 5, 2007, the Court continued the motions to July 10, 2007. With this

continuance in hand, plaintiff undertook to engage co-counsel to join in filing its Motion To

Appoint Interim Class Counsel For the California Indirect Purchasers Subgroup. On June 18,

Thomas V. Girardi of Girardi & Keese agreed to join as co-counsel and plaintiff set about

finalizing said Motion. It is believed that said Motion will simplify the case and increase the

manageability and judicial economy for the case, and that therefore, it is in the interest of all

parties and the Court for said Motion to be heard on July 10, 2007.

Substantial harm or prejudice will occur if the time for hearing the motion is not shortened in

several regards:

1)  The Court and putative classes will be deprived of the appropriate competition among

law firms for service to them.

2)  The manageability of the indirect purchasers action may be adversely affected by

consolidated representation of claimants claiming under the laws of 20-30 different

states. The Motion contends that manageability and commonality can only be achieved

by subgrouping the various claims.

Some counsel claim that claimants claiming under the differing laws of 20-30 states may

be represented by one consolidated group of attorneys. Plaintiff contends that such

representation could undermine commonality and predominance and lead to conflicts.

Plaintiff contends that there is a natural subgrouping that arises from the complaint in

*Eliasoph v. LG Philips Co, Ltd. et al.,* breaks the claimants down into three natural groups:

1) Subgroup One: California Claims (*Eliasoph* Second, Third Claims)

2)  SubGroup Two: Claims under Other Repealer States with laws

involving "Violations of State Antitrust and Unfair Competition

MOTION FOR ORDER SHORTING TIME

Laws" – *Eliasoph Fourth Claim)*

3) Subgroup Three: Claims under State laws claimed as "Violations of State Consumer Protection and Unfair Competition Laws – *Eliasoph Fifth Claim.*

In such cases as *Walsh v. Ford Motor Co.* (D.C. Cir. 1986) 807 F.2d 1000, 1017 and *In Re School Asbestos Litigation* 789 F.2d 996 (3rd Cir. 1986), the Courts concluded various and differing state claims may satisfy the predominance and commonality requirement where subgrouping of such State claims in employed.

The Motion also contends that such subgrouping minimizes conflicts.

Since multiple parties are involved in this complex action, the best notice is by ECF and it would be impractical to seek stipulation.

WHEFORE plaintiff prays for an Order Shortening Time for plaintiff's Motion to Appoint Interim Class Counsel For the California Indirect Purchasers Subgroup.

Dated: June 21, 2007

LAW OFFICES OF LINGEL H. WINTERS
A PROFESSIONAL CORPORATION

By: _____
Lingel H. Winters

MOTION FOR ORDER SHORTING TIME